UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X
KASHAWN SIMMONS,

          **AMENDED COMPLAINT**

       Plaintiff,

          **15-CV-01480 (DLC)**

  - against -

CITY OF NEW YORK,
POLICE OFFICER PAUL PEREYRA,
POLICE OFFICER ERIC KARL,
POLICE OFFICER JOHN DOE(S) #'s 1-3,

       Defendants.
----------------------------------------------------------------------------------X

  Plaintiff, KASHAWN SIMMONS, by his attorneys, NASS & ROPER LAW LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, KASHAWN SIMMONS, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about October 14, 2013, at approximately 10:00 a.m., Plaintiff was at his home near 1444 Shakespeare Avenue in Bronx, NY. Plaintiff was assaulted and falsely arrested by Defendants including, but not limited to, CITY OF NEW YORK, POLICE OFFICER PAUL PEREYRA, POLICE OFFICER ERIC KARL and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3. It is alleged that Defendants falsely arrested Plaintiff in violation of his constitutional rights, used excessive force in effectuating his arrest, and maliciously prosecuted charges against him. As a result of the excessive force used by Defendants, Plaintiff suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.  This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff KASHAWN SIMMONS, at all times relevant hereto, resided at 1444 Shakespeare Avenue, #22, in the County of Bronx, and in the City and State of New York.

4. Defendant, CITY OF NEW YORK (hereinafter "CITY"), is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER PAUL PEREYRA (Shield: 14506) (hereinafter "PEREYRA") was an NYPD police officer with the 44th Police Precinct, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6. Defendant POLICE OFFICER ERIC KARL (Shield: 021580) (hereinafter "KARL") was an NYPD police officer with the 44th Police Precinct, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

7. Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-3, were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

8. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

9. On or about October 14, 2013, at approximately 10:00 a.m., Plaintiff, KASHAWN SIMMONS, was at his home in Bronx, NY.

10. Defendants appeared at Plaintiff's home and placed him under arrest.

11. Defendants placed Plaintiff in a vehicle and brought him to the 44th precinct.

12. While at the 44th precinct, Plaintiff was placed in a holding cell.

13. While Plaintiff was in the holding cell, Defendants became upset at Plaintiff and took him out of the cell.

14. While out of the holding cell, Plaintiff's shirt was pulled over his head and he was punched in the face approximately four (4) times by Defendants.

15. Plaintiff was brought to Lincoln Medical Health Center and treated for severe injuries to his face and a fractured nose.

16. Plaintiff would make approximately two court appearances before all charges were dismissed.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

17. Paragraphs 1 through 16 of this complaint are hereby re-alleged and incorporated by reference herein.

18. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately 24 hours.

19. That in detaining Plaintiff without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

20. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

21. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

22. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

23. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

24. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

25. Paragraphs 1 through 24 are hereby re-alleged and incorporated by reference herein.

26. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.  That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

27. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

28. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

29. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

30. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

31. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

32. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

33. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his

rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

34. That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

35. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

36. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

37. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

38. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

39. Paragraphs 1 through 38 are hereby re-alleged and incorporated by reference herein.

40. That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

41. That the criminal matter against Plaintiff was terminated in his favor.

42. That there was no probable cause for the arrest and criminal proceeding.

43. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

44. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from October 14, 2013; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
       May 5, 2015

Yours, etc.

_____
JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

## **ATTORNEY'S VERIFICATION**

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW LLP, attorneys for Plaintiff, KASHAWN SIMMONS. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:     New York, New York
           May 5, 2015

_____
JUSTIN M. ROPER, ESQ.

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KASHAWN SIMMONS,

                           **Plaintiff,**

– against –

CITY OF NEW YORK,
POLICE OFFICER PAUL PEREYRA,
POLICE OFFICER ERIC KARL,
POLICE OFFICER JOHN DOE(S) #'s 1-3,

                           **Defendants.**

## AMENDED COMPLAINT

**NASS & ROPER LAW LLP**
*Attorneys for Plaintiff*
**KASHAWN SIMMONS**
**14 Penn Plaza, Suite 2004**
**New York, New York 10122**
**(718) 775-3246**
**Fax: (718) 775-3246**[*]

---

[*] Not for service of papers.